Guzman-Mira v. Garland

BIA
Poczter, IJ
A208 985 359

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

RAUL ALEJANDRO GUZMAN-MIRA,
> *Petitioner,*

v.                                                      19-3743
                                                        NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Anne Pilsbury, Esq., Brooklyn, NY.

FOR RESPONDENT:              Ethan P. Davis, Acting Assistant Attorney General; Jennifer P. Levings, Senior Litigation

Counsel; Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Raul Alejandro Guzman-Mira, a native and citizen of El Salvador, seeks review of an October 30, 2019, decision of the BIA affirming a February 15, 2018, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Raul Alejandro Guzman-Mira,* No. A208 985 359 (B.I.A. Oct. 30, 2019), *aff'g* No. A208 985 359 (Immig. Ct. N.Y. City Feb. 15, 2018). Guzman-Mira testified that gang members threatened and extorted him after he witnessed them murder his neighbor, and then beat him with an aluminum bat assuming he had cooperated with police. We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We

2

review factual findings for substantial evidence and questions of law de novo.  *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

# I.   <u>Asylum and Withholding of Removal</u>

We deny the petition as to asylum and withholding of removal, finding no error in the agency's conclusion that Guzman-Mira failed to establish that he had been or would be persecuted because of his political opinion or membership in his proposed particular social group of "people who have cooperated with the police."  To be eligible for asylum and withholding of removal, an applicant must show that he suffered past persecution, or has a well-founded fear or likelihood of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A).  "To show that persecution, or a well-founded fear of persecution, is on account of political opinion, an asylum applicant must demonstrate that a persecutor's motive to persecute arises from the asylum applicant's political belief, or from a political belief imputed to him by the persecutor."  *Zelaya-*

*Moreno v. Wilkinson*, 989 F.3d 190, 196 (2d Cir. 2021) (quotation marks, citations, and brackets omitted); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). "[T]o qualify as a political opinion, an opinion must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities; an entity that seeks to directly influence laws, regulations, or policy; an organization that aims to overthrow the government; or a group that plays some other similar role in society." *Id.* at 199–200 (quotation marks and citations omitted). "[U]nder appropriate circumstances, even overtly apolitical or nongovernmental organizations may take on a political valence such that support or opposition to them can constitute a political opinion." *Id.* at 200. "[W]hile one need not broadcast one's beliefs to the entire world to hold beliefs that are political in nature, these beliefs and actions taken in support of them must have some political ambition in mind—or, for an imputed claim, must be perceived in this manner." *Id.* at 199.

Here, the agency reasonably found that gang members did not persecute Guzman-Mira because of an actual or imputed

4

political opinion. Gang members' initial threats and extortion sought to prevent Guzman-Mira from reporting them to the police rather than on account of any belief he held, and were therefore not on account of political opinion. *See Zelaya-Moreno*, 989 F.3d at 196. After Guzman-Mira's flight from his neighborhood caused the gang to suspect him of cooperating with police, members beat him in retaliation for his perceived cooperation. But then too, the evidence does not show that the gang beat him because they perceived him to have a "political ambition in mind." *Zelaya-Moreno*, 989 F.3d at 199, 201–03. Further, the evidence shows that the gang that targeted Guzman-Mira is a criminal enterprise with self-aggrandizing ends, not a political organization. *See id.* at 201 (agreeing with the agency's determination "that gangs are criminal organizations and gang activities are not political in nature" (quotation marks and ellipsis omitted)). Although Guzman-Mira presented evidence that gangs may emerge as a political entity, that same evidence notes that gangs do not have an explicit political agenda and that their primary motive is group survival and personal gain.

The agency also reasonably concluded that the gang did

not target Guzman-Mira because of his membership in a particular social group. To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196. Guzman-Mira asserted membership in a group of "[p]eople who have cooperated with the police." Cooperating witnesses may constitute a particular social group when they are socially distinct, i.e., "[t]he number of persons who have given interviews to, or otherwise cooperated with [law enforcement] is finite, and undoubtedly quite limited" and "[a]n individual's membership is also verifiable." *Gashi v. Holder*, 702 F.3d 130, 137 (2d Cir. 2012). However, Guzman-Mira did not establish his membership in any such group since he never cooperated with the police. Guzman-Mira argues that the agency erroneously rejected his particular-social-group claim because it wrongly assumed that membership could not be imputed. He could have defined his group as people who are perceived to have cooperated with police, but he did not do so and such group would not likely satisfy the social distinction requirement.

6

*See Gashi*, 702 F.3d at 137. Accordingly, given Guzman-Mira's failure to establish a nexus between the harm he experienced and a protected ground, the agency properly determined that he was ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A).

**II. CAT Relief**

We also deny the petition as to Guzman-Mira's CAT claim. As an initial matter, the agency reasonably concluded that Guzman-Mira did not suffer torture when gang members beat him. *See* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment . . . ."); *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."). And, as a dispositive matter, the agency reasonably concluded that Guzman-Mira had failed to establish that it was more likely than not that he would be tortured by or with the acquiescence of Salvadoran government officials. *See* 8 C.F.R. § 1208.16(c)(2); *Quintanilla-Mejia v. Garland*,

7

3 F.4th 569, 592 (2d Cir. 2021). In support of its conclusion as to government acquiescence, the agency found significant that Guzman-Mira did not inform law enforcement after he was beaten by gang members and that the police conducted a raid on his neighborhood after his neighbor was murdered by gang members seeking to locate those responsible for the murder. Guzman-Mira argues that the IJ "recognized in her statement of facts that Guzman had gone to a neighbor who was a police officer for guidance and was told not only that going to the police would be futile but would put him in additional danger due to corruption and collusion between the police and the gangs," but "did not acknowledge what this means for government acquiescence." Pet. Br. at 19. However, the agency "need not expressly parse or refute on the record each piece of evidence offered by the petitioner." *Scarlett v. Barr*, 957 F.3d 316, 329 (2d Cir. 2020) (internal quotation marks and alterations omitted). Guzman-Mira also stresses that his neighbor's advice was "well-supported by the country conditions demonstrating the same." Pet. Br. at 19. Although Guzman-Mira presented country conditions evidence that the Salvadoran government had difficulty controlling

gang activity and guaranteeing its citizens' safety, we cannot conclude that it was error for the agency to credit the countervailing evidence of effective law enforcement investigation into gang violence, specifically the raid following the murder of Guzman-Mira's neighbor. *See Quintanilla-Mejia*, 3 F.4th at 593 ("Because the agency's conclusion finds support in record evidence, [the petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9